IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBIN FEUERSTAHLER,

        Plaintiff,                           OPINION and ORDER

v.

                                                    16-cv-111-bbc

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On August 3, 2016, I granted the parties' joint motion to remand this case for further proceedings before an administrative law judge, pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. ##10-12. On September 9, 2016, I accepted the parties' stipulation on fees under the Equal Access to Justice Act and awarded plaintiff attorney fees in the amount of $4,795. Dkt. ##19-20. Now before the court is a motion filed by plaintiff Robin Feuerstahler's counsel, Dana Duncan, for attorney fees, following a favorable decision from the administrative judge on remand. Dkt. #21. Defendant does not oppose the motion. Dkt. #24.

Counsel reports that he and plaintiff have a contingency fee agreement providing for attorney fees amounting to the lesser of 25 percent of an award of past-due benefits, or $6,000. On remand, the administrative law judge awarded past-due benefits in the amount of $80,188.50, from which the Social Security Administration withheld 25 percent or $20,188.50 for attorney fees. Counsel has submitted an accounting showing 21.2 hours in attorney time and 13.15 hours in paralegal time spent on plaintiff's case in this court. Pursuant to 42 U.S.C. § 406(b), he requests an order awarding a fee for court work in the amount of $5,893.50 (equal

to $20,188.50, less the previously awarded EAJA fee of $4,795.00 and $9,500 in fees that will be sought through the agency for work at the administrative level) to be payable out of plaintiff's past-due benefits. Counsel also asks that plaintiff be reimbursed the $4,795 awarded previously to counsel under the Equal Access to Justice Act.

The requested fee is within the statutory cap and the parties' contingency fee agreement, but the court must nevertheless review it to ensure that it is reasonable in light of the character of the representation and the results obtained; the time, labor, and skill required; the attorney's experience, reputation, and ability; and awards in similar cases. Gisbrecht v. Barnhart, 535 U.S. 789, 807-09 (2002); McGuire v. Sullivan, 873 F.2d 974, 979-83 (7th Cir. 1989). Here, the requested award is reasonable. Counsel seeks a total of $5,893.50 in fees for 21.2 hours of attorney work and 13.15 hours of work by paralegal staff at an average hourly rate of approximately $172. Koester v. Astrue, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded representative fees that reflect hourly rates as high as $400 to $1,500). Dana Duncan is an experienced attorney who represented plaintiff in this court, reviewed the administrative record, drafted a motion for summary judgment, and prompted and negotiated a stipulated remand, which resulted in a favorable determination below. Defendant does not oppose the motion. Accordingly, I will grant counsel's motion for attorney fees in the amount of $5,893.50 and direct that $4,795.00 of the statutory fee be released to plaintiff.

ORDER

IT IS ORDERED that the motion for attorney fees filed by plaintiff's attorney, Dana Duncan, pursuant to 42 U.S.C. § 406(b), dkt. #21, is GRANTED. The court approves a representative fee award of $5,893.50 to be payable to Dana Duncan out of the statutory fee withheld from plaintiff's past-due benefits. An additional $4,795.00 of the statutory fee shall be released directly to plaintiff Robin Feuerstahler.

Entered this 10th day of May, 2018.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge